IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DE'ANNA CALIGUIRI,            )
CAROLE WIEDMANN, and          )
JUSTIN KRANE,                 )
                              )
            Plaintiffs,       )
                              )
      v.                      )   Civil Action No. 07-1133
                              )
CITY OF PITTSBURGH, OFFICER   )
SAMUEL MUOIO and OFFICER      )
CHRISTIAN SCIULLI,            )
                              )
            Defendants.       )

MEMORANDUM ORDER

GARY L. LANCASTER,
District Judge.                              June 2, 2009

This is a civil rights action. Plaintiffs, De'Anna Caliguiri and Carole Wiedmann[1], allege that defendants, the City of Pittsburgh (the "City") and Pittsburgh Police Officers Samuel Muoio and Christian Sciulli, violated the First, Fourth and Fourteenth amendments to the United States Constitution in violation of 42 U.S.C. § 1983 when they arrested plaintiffs at a demonstration in Pittsburgh, Pennsylvania, on August 20, 2005. Plaintiffs seek an injunction and money damages. Defendants have filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(c) arguing that plaintiffs have failed to adduce sufficient evidence to support

---

[1] After the complaint was filed, plaintiff Justin Krane withdrew the claims asserted on his behalf in Counts III and IV. [Doc. No. 29].

their claims. For the reasons that follow, the motion will be denied.

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247-48. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. Id. at 248. Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id.

It is on this standard that the court has reviewed defendants' motion and plaintiffs' response thereto. Based on the pleadings and evidence of record, the arguments of counsel, and the briefs filed in support and opposition thereto, the court concludes, as a matter of law, that there remains a genuine dispute over material facts which precludes summary judgment in this matter.

Specifically, plaintiff Caliguiri contends that defendant Muoio used a Taser International M26 ("Taser") gun on her despite the fact that she was cooperating with the other officers who were arresting her. Plaintiff Caliguiri further contends that defendant Muoio failed to provide any warning to her prior to using the Taser gun on her leg. Defendants argue that plaintiff Caliguiri was resisting arrest and that it was, therefore, appropriate to use the Taser gun on her under the circumstances. Defendants further state that plaintiff Caliguiri was given three (3) verbal warnings prior to defendant Muoio's use of the Taser gun. The parties disagree as to the extent of plaintiff's injuries. The parties also disagree as to whether defendant Muoio acted in accordance with the City's policies governing the use of Taser guns. The parties further dispute whether these policies are adequate.

The facts of plaintiff Wiedmann's case are also in dispute. Specifically, plaintiff Wiedmann alleges that she was merely trying to leave the demonstration when a police dog under the control of defendant Sciulli bit her. Defendants contend that plaintiff Wiedmann knew that the officers were trying to disperse the crowd and that she did walk behind a police line. Plaintiff Wiedmann denies that she walked behind a police line. The parties also dispute the extent of plaintiff Wiedmann's injuries. The parties also disagree as to whether defendant Sciulli acted in accordance with the City's policies governing the use of police dogs. The parties further dispute whether these policies are adequate.

Accordingly, this 2nd day of June, 2009, upon consideration of defendants' motion for summary judgment [document # 19], IT IS HEREBY ORDERED that the motion is DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record